**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DENTSPLY INTERNATIONAL INC. and DENTSPLY RESEARCH & DEVELOPMENT CORP.,** | : : : : | **CIVIL ACTION NO. 1:04-CV-0348** (Judge Conner) |
| **Plaintiffs** | : : | |
| v. | : : | |
| **HU-FRIEDY MFG. CO., INC.,** | : : | |
| **Defendant** | : | |

**ORDER**

AND NOW, this 20th day of April, 2005, upon consideration of plaintiffs' motion for partial summary judgment (Doc. 73) on defendant's counterclaims and affirmative defenses relating to the alleged invalidity and unenforceability of certain claims of the patent at issue, see U.S. Patent No. 6,494,714 (issued Dec. 17, 2002), and it appearing that defendant asserts in its responsive pleading that these patent claims are invalid and unenforceable[1] (Doc. 19 at 2, 4) but that defendant concedes in its responsive brief that it does not intend to present evidence at trial in support of the alleged invalidity and unenforceability of these patent claims (Doc. 86), see FED. R. CIV. P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party . . . must set forth specific

---

[1] For this reason, the motion for partial summary judgment is not "moot," as defendant suggests (Doc. 86). Cf. Pandrol USA, LP v. Airboss Ry. Prods., Inc., 320 F.3d 1354, 1364-66 (Fed. Cir. 2003) (holding that failure to raise invalidity defense in opposition to plaintiff's motion for summary judgment on infringement does not "waive" defense right to raise defense at trial).

facts showing that there is a genuine issue for trial[; if] the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."); see also, e.g., Allied Colloids Inc. v. Am. Cyanamid Co., 64 F.3d 1570, 1575 (Fed. Cir. 1995) (noting that burden of production with respect to affirmative defense such as invalidity is on defendant), it is hereby ORDERED that:

1. The motion for partial summary judgment (Doc. 73) is GRANTED in favor of plaintiffs and against defendant on the counterclaims and affirmative defenses relating to:

    a. the alleged invalidity of claims 8 and 9 of United States Patent No. 6,494,714 under any theory;

    b. the alleged invalidity of claims 1, 2, 7, 8, and 9 of United States Patent No. 6,494,714 under 35 U.S.C. §§ 102 and 112; and

    c. the alleged unenforceability of claims 1, 2, 7, 8, and 9 of United States Patent No. 6,494,714 under any theory.

2. The Clerk of Court is directed to defer the entry of judgment until the conclusion of the case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge