**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DENTSPLY INTERNATIONAL INC.** <br> **and DENTSPLY RESEARCH &** <br> **DEVELOPMENT CORP.,** <br><br> **Plaintiffs** <br><br> v. <br><br> **HU-FRIEDY MFG. CO., INC.,** <br><br> **Defendant** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **CIVIL ACTION NO. 1:04-CV-0348** <br><br> **(Judge Conner)** |

**MEMORANDUM**

For the second time the court must address the propriety of sanctions against defendant, Hu-Friedy Manufacturing Company, Inc. ("Hu-Friedy"), for admitted violations of the federal rules of discovery.  It was revealed several days before the final pre-trial conference in this patent infringement case that Hu-Friedy had failed to produce a patent application relating to the allegedly infringing process.[1]  It has now been divulged, two weeks *after* trial, that Hu-Friedy had also failed to disclose information relating to the current address of one Shu Chen, a former Hu-Friedy employee who developed that process and had signed the patent application.  If this information had been produced in a timely fashion, it may well have buttressed the claims of plaintiffs, Dentsply International Inc. and Dentsply

---

[1] These findings, and the underlying infringement claims, are discussed in greater detail in prior opinions of the court (Docs. 59, 97, 116), familiarity with which is presumed.

Research and Development Corp. (collectively "Dentsply"), for willful infringement. Sanctions are once again warranted.

There is no question that a discovery violation occurred. Testimony by Mr. Chen, the inventor of the allegedly infringing process, is material to Dentsply's claims of willful infringement and information relating to his whereabouts clearly fell within the required disclosures of Federal Rule of Civil Procedure 26. See FED. R. CIV. P. 26(a)(1)(A). Although Mr. Chen left Hu-Friedy's employ in March 2003, other employees of the company had been in contact with Mr. Chen within the last year and knew how to reach him. Yet, this information was not provided to counsel for plaintiffs. To the contrary, counsel for plaintiffs were told that Hu-Friedy did not have any information concerning Mr. Chen's current whereabouts. The disclosure to Dentsply was not merely incomplete; it was materially incorrect.

Hu-Friedy offers no reasonable justification for this discovery violation. It complains that Dentsply did not "press" for information relating to Mr. Chen; however, the obligation to supplement incomplete disclosures is neither incumbent upon nor tempered by the stridency of the opposing party's requests. See id. 26(a)(1), (e)(1). It asserts that Dentsply could have discovered the information through its own devices; however, the duty to disclose applies even if the other party enjoys alternative means of access to the information at issue. See, e.g., 8 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2014 (3d ed. 2002). It argues that its error was merely negligent, not deliberate; however, this fact merely lessens Hu-Friedy's culpability without excusing its omission. See, e.g.,

2

Tolerico v. Home Depot, 205 F.R.D. 169, 175-76 (M.D. Pa. 2002). In short, none of the explanations presented by Hu-Friedy justify the failure to disclose.

Sanctions are clearly warranted to reprimand Hu-Friedy and to return Dentsply to approximately the same litigation position that it would have occupied absent the discovery violation. See, e.g., Quinn v. Consol. Freightways of Del., 283 F.3d 572, 576 (3d Cir. 2002). These results may be best achieved by deeming Dentsply as a matter of law to have offered conclusive evidence of "willfulness" for purposes of its willful infringement claim. Mr. Chen was the primary force behind development of the Hu-Friedy device, and his testimony arguably could have established that the device represented willful copying of the Dentsply patent. Hu-Friedy should not be allowed to benefit from the withholding of this information—even if its actions were unintentional—to avoid a finding of willfulness. This sanction recognizes the seriousness of the violation without foreclosing Hu-Friedy's defense to infringement *imprimis.*[2]

The court will also direct Hu-Friedy to compensate Dentsply for reasonable expenses, including attorney's fees, caused by the failure to disclose. See FED. R. CIV. P. 37(c). These expenses clearly include preparation of the motion for sanctions and supporting briefs, and may also encompass other costs causally

---

[2] The court has considered the alternative sanctions proposed by Dentsply, including a finding of partial equivalence and the entry of default judgment, but rejects these as excessive in light of the nature of the discovery violation and its limited effect on Dentsply's case-in-chief. See, e.g., Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

linked to the late disclosure.  <u>See</u> <u>id.</u>  Dentsply will be directed to file an affidavit detailing expenses for which it claims compensation, and Hu-Friedy will be permitted to raise objections to those expenses if appropriate.  The court will finally resolve the expenses to be assessed in a subsequent order.

    An appropriate order will issue.

                                                <u>S/ Christopher C. Conner</u>
                                                CHRISTOPHER C. CONNER
                                                United States District Judge

Dated:      June 13, 2005

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENTSPLY INTERNATIONAL INC. and DENTSPLY RESEARCH & DEVELOPMENT CORP.,** | : : : : | **CIVIL ACTION NO. 1:04-CV-0348**<br><br>**(Judge Conner)** |
| **Plaintiffs** | : : | |
| v. | : : | |
| **HU-FRIEDY MFG. CO., INC.,** | : : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 13th day of June, 2005, upon consideration of plaintiff's second motion for sanctions (Doc. 137), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1.  The second motion for sanctions (Doc. 137) is GRANTED as follows:

    a.  Plaintiffs shall be deemed, for purposes of trial in the above-captioned case, to have offered conclusive evidence of willfulness for purposes of a finding of willful infringement.

    b.  Assessment of expenses to be imposed against defendant will be deferred pending supplementation of the record.

        i.  Plaintiffs shall file an affidavit providing an itemized list of attorney's fees and expenses for which plaintiffs seek recovery on or before June 20, 2005.

        ii. Defendant shall be permitted to file a brief addressing the reasonableness of the attorney's fees and expenses for which plaintiffs seek recovery within seven (7) calendar days of the filing of plaintiffs' affidavit.

2. The parties shall file post-trial briefs and proposed findings of fact and conclusions of law that address issues relevant to disposition of the above-captioned case and that include references to the evidentiary record.

   a. The parties shall file supporting post-trial briefs and proposed findings of fact and conclusions of law on or before July 5, 2005.

   b. The parties shall file responsive post-trial briefs and findings of fact and conclusions of law on or before July 19, 2005.

                                                   S/ Christopher C. Conner
                                                  CHRISTOPHER C. CONNER
                                                  United States District Judge