**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DENTSPLY INTERNATIONAL INC. and DENTSPLY RESEARCH & DEVELOPMENT CORP.,** : : : : **Plaintiffs** : : **v.** : : **HU-FRIEDY MFG. CO., INC.,** : : **Defendant** : | **CIVIL ACTION NO. 1:04-CV-0348** **(Judge Conner)** |

## ORDER

AND NOW, this 17th day of August, 2005, upon consideration of plaintiffs' motion (Doc. 163) to amend the prior memorandum and order of the court (Doc. 159), granting judgment in favor of defendant on plaintiff's claim of patent infringement but not addressing defendant's pending counterclaim of patent invalidity, and it appearing that the prior memorandum and order directed the entry of judgment on plaintiff's claim of patent infringement but did not expressly determine that "there is no just reason [to] delay" the entry of judgment on that claim before disposition of defendant's pending counterclaim of patent invalidity,[1] see FED. R. CIV. P. 54(b) ("In the absence of such determination[,] . . . any order or

---

[1] Although the premise underlying the motion to amend is that the court's prior decision is not an appealable "judgment," the motion cites as support Federal Rule of Civil Procedure 59(e), which applies *only* to appealable "judgments." See FED. R. CIV. P. 54(a), 59(e); see also Nieves-Luciano v. Hernandez-Torres, 397 F.3d 1, 4 (1st Cir. 2005). With some sense of irony, the court will construe the motion as one under Local Rule 7.1, for reconsideration of a non-appealable order. See L.R. 7.10; see also United States v. Fiorelli, 337 F.3d 282, 287-88 (3d Cir. 2003).

other form of decision, however designated, which adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims or parties, and . . . is subject to revision at any time before the entry of judgment . . . ."), it is hereby ORDERED that the motion (Doc. 163) is GRANTED as follows:

1. The memorandum (Doc. 159) dated August 2, 2005, is AMENDED as follows:

    In the first sentence of the fourth numbered paragraph on page 14, the phrase "on plaintiff's claim of patent infringement" is inserted after the term "defendant," so that the sentence reads:  Judgment should be entered against plaintiff and in favor of defendant on plaintiff's claim of patent infringement.

2. The order of court (Doc. 159) dated August 2, 2005, is AMENDED to read as follows:

    AND NOW, this 2nd day of August, 2005, upon consideration of the amended complaint (Doc. 92), and following a bench trial, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that judgment is GRANTED in favor of defendant and against plaintiff on plaintiff's claim of patent infringement.  The Clerk of Court is directed to defer the entry of judgment pending disposition of defendant's counterclaim of patent invalidity.

3. The judgment (Doc. 160) entered on August 2, 2005, is VACATED.

4. The court will issue a memorandum and order addressing defendant's counterclaim of patent invalidity, and directing the entry of judgment in the above-captioned case, in due course.

                                                    S/ Christopher C. Conner  
                                                    CHRISTOPHER C. CONNER  
                                                    United States District Judge