IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENTSPLY INTERNATIONAL INC.,** et al., | : | CIVIL ACTION NO. 1:04-CV-0348 |
| | : | |
| Plaintiffs | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **HU-FRIEDY MFG. CO., INC,** | : | |
| | : | |
| Defendant | : | |

# ORDER

AND NOW, this 20th day of August, 2007, upon consideration of defendant's bill of costs (Doc. 169), and plaintiffs' objections thereto (Doc. 176), and it appearing that neither party in the above-captioned action is the "prevailing party" for purposes of taxation of costs[1] because the judgment entered in this case did not materially alter the parties' legal relationship by modifying either party's behavior in a way that directly benefitted the opposing party,[2] <u>Manildra Milling Corp. v. Ogilvie Mills, Inc.</u>, 76 F.3d 1178, 1182 (Fed. Cir. 1996) (quoting <u>Farrar v. Hobby</u>, 506 U.S. 103 (1992) ("[A] plaintiff prevails when 'actual relief on the merits of his claim

---

[1] "[C]osts . . . shall be allowed as a matter of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1).

[2] In the instant case, judgment was entered for defendant and against plaintiffs on plaintiffs' claim of patent infringement, and judgment was entered for plaintiffs and against defendant on defendant's counterclaim of patent invalidity. Thus, both parties benefitted from the judgment and neither party established wrongdoing on the part of the opposing party. Plaintiffs have obtained a judicial declaration of the validity of their patent, and defendant has obtained a judicial declaration that their product does not infringe plaintiffs' patent. (<u>See</u> Docs. 167, 173.)

materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."); Lifescan Inc. v. Home Diagnostics, Inc., No. Civ.A. 96-597-JJF, 2001 WL 1339405, at *2 (D. Del Oct. 30, 2001) (concluding that "neither party has prevailed because the accused product was found not to infringe, and the patent was found to be valid and enforceable."); B. Braun Med., Inc. v. Abbott Labs., 38 F. Supp. 2d 393, 395 (E.D. Pa.), aff'd, 230 F.3d 1373 (Fed. Cir. 1999) ("[B]oth Braun and Abbott won and lost.  Braun secured a declaration of validity of its patent but did not recover damages.  Abbott secured a declaration that its products do not infringe, leaving Abbot free to make and sell them, but did not recover damages."); Compro-Frink Co. v. Valk Mfg. Co., 595 F. Supp. 302, 303 (E.D. Pa. 1982) (entering judgment in favor of defendant on plaintiff's claim of patent infringement, and in favor of plaintiff on defendant's counterclaim of patent invalidity and concluding "neither party was a prevailing party as to the respective claim asserted by each party, but both were prevailing parties to the extent each was defending against the claim of the other"), and that, accordingly, the court may exercise its discretion to deny costs to either party, Sozio v. Sears, Roebuck, and Co., No. Civ.A. 90-7483, 1994 WL 229660, at *1 (E.D. Pa. May 26, 1994) (noting that "[i]t is within the Court's discretion to determine whether, and to what extent, costs should be awarded to the prevailing party" (citing Copperweld Steel Co. v. Demag-Mannesmann-Bohler, 624 F.2d 7, 9 (3d Cir. 1980)); Bentz v. Am. Red Cross, No. Civ.A. 88-7608, 1990 WL 94011, at *6 (E.D. Pa. July 3, 1990) (noting that the court has discretion to deny costs to the prevailing party (citing Delaney v.

Capone, 642 F.2d 57, 58 (3d Cir.), cert. denied, 454 U.S. 828 (1981));  see FED. R. CIV. P. 54(d)(1), it is hereby ORDERED that the Clerk of Court shall not tax against plaintiff any costs enumerated in the bill of costs (Doc. 169).

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge